UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

POMPANO PROPERTY SOLUTIONS, LLC               CASE NO.: 24-12395-PDR
                                              CHAPTER 7

_____

SONYA S. SLOTT, TRUSTEE,
           Plaintiff,

vs.                                            ADV. CASE NO.:

PRO SEO LLC,
           Defendant.
_____/

**TRUSTEE'S COMPLAINT TO SELL REAL PROPERTY PURSUANT TO
11 U.S.C. §363(h) AND DISTRIBUTE PROCEEDS PURSUANT TO §363(j)**

Sonya S. Slott, as Chapter 7 Trustee of the Bankruptcy Estate for the above-named Debtor (the "Trustee" or "Plaintiff") by undersigned counsel, hereby sues the Defendant, individually, and states as follows:

**Jurisdiction & Venue**

1. This is an adversary proceeding brought by the Trustee under Fed. R. Bank. P. 7001, et seq. to sell real property pursuant to 11 U.S.C. §363(h) and to distribute the net proceeds of sale pursuant to §363(j).

2. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b) as well as Federal Bankruptcy Rule 7001(3).

3. This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(A), (N), and (O).

1

4. The Plaintiff consents to the entry of all judgments and final orders by the above-captioned bankruptcy court.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1409(a).

## The Parties & Procedural Background

6. The underlying Chapter 7 case was commenced by the filing of a voluntary Chapter 7 bankruptcy petition for the Debtor, Pompano Property Solutions, LLC (the "Debtor") on March 13, 2024 (the "Petition Date").

7. The Plaintiff was duly appointed as the Chapter 7 Trustee for the Debtor's estate that same day.

8. This action is brought solely in Plaintiff's capacity as Trustee.

9. Upon information and belief, the defendant Pro Seo LLC (the "Defendant") is a Florida Limited Liability Company engaged in business in Broward County, Florida.

## Background Facts Common to All Counts

10. As of the Petition Date, the Debtor owned a fifty percent (50%) joint interest in a single-family home located at 5311 NE 10th Ave, Deerfield Beach, FL 33064, with the abbreviated legal description of "PARK MANOR 52-10 B LOT 11 BLK 2" (the "Real Property"). *See* Exhibit "A" attached.

11. The Defendant is the other 50% joint interest holder in the Real Property.

12. As of Petition Date, the Real Property was owned by the Debtor and the Defendant as tenants in common.

13. Upon information and belief, neither the Debtor nor Defendant reside at the Real Property, and as both the Debtor and Defendant are business entities, neither could claim the Real Property as their homestead in any event.

14. Upon further information and belief, no other party resides at the Real Property.

15. The Real Property has a 2024 an assessed value of $580,840.00 per the Broward County tax assessor. *See* Exhibit "B."

16. Per the Debtor's Schedule D, the Real Property is encumbered by one debt, a mortgage from a private lender, LL Capital LLC, in the amount of $280,000.00 (Item 2.2) [main case ECF #26] (the "LL Mortgage").

17. At the commencement of a bankruptcy case, an estate is created comprised of "all legal or equitable interest of the debtor in property." 11 U.S.C. §541(a)(1). The Debtor's interest in the Real Property is non-exempt property of the bankruptcy estate under 11 U.S.C. §541 and subject to administration by the Trustee.

## Count I:
## Sale of Estate's Undivided Interest in
## Real Property Pursuant to 11 U.S.C. §363(h)

18. The Plaintiff realleges and reaffirms those allegations contained in paragraphs 1 through 17 above.

19. 11 U.S.C. §363(h) provides, in pertinent part,

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
   (1) partition in kind of such property among the estate and such co-owners is impracticable;
   (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
   (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
   (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

20. The Trustee seeks to sell the Bankruptcy Estate's interest and the interest of the Defendant, as co-owner of Real Property.

21. Partition in kind of the Real Property among the Bankruptcy Estate and the Defendant is impractical. There is no practicable manner of partition of the Real Property, other than a sale and division of the proceeds.

22. The sale of the Estate's interest in the Real Property (subject to the interest of the Defendant) would realize significantly less for the Estate than the sale of such property free of the interest of the Defendant. There is a chilling effect upon any prospective purchase of the Estate's interest as long as the Defendant retains any interest in the Real Property.

23. The benefit to the Estate of a sale of the Real Property free of the interest of the Defendant out-weighs the detriment, if any, to the Defendant. From a sale of the Real Property, the Defendant would receive proceeds equal to its interest of the net sale amount. Additionally, the substantial equity within the Real Property would enable the Defendant to obtain financing to purchase the Bankruptcy Estate's interest in the Real Property, if it chooses to do so.

24. The Real Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

25. 11 U.S.C. §363(j) provides that:

> After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

26. Upon completion of the sale of the Real Property, the Plaintiff seeks authority pursuant to 11 U.S.C. §363(j) to distribute the proceeds of such sale, the costs and expenses according to the respective interests of the Defendant and the Estate, subject to the LL Mortgage.

27. The amount of funds of which would be deemed to be net proceeds should not include any funds necessary to pay any unauthorized liens (if any) placed upon the Real Property by the Defendant.

WHEREFORE, pursuant to 11 U.S.C. §363(h) and Rule 7001(3), Fed. R. Bankr. P., the Plaintiff, Sonya S. Slott, as Chapter 7 Trustee for the bankruptcy estate of Pompano Property Solutions, LLC, by and through undersigned counsel, seeks for the Court to enter a judgment in her favor and against the Defendant, providing that:

(a) The Plaintiff may sell the Estate's interest and the interest of the Defendant, free and clear of the interest of the Defendant;

(b) The Defendant, will be given the right to purchase the Estate's interest in the Real Property at any proposed sale price the Trustee may obtain, pursuant to 11 U.S.C. §363(i);

(c) The Plaintiff may obtain the proceeds of such sale equivalent to the Bankruptcy Estate's interest in the Real Property, and the Defendant may obtain the proceeds of such sale equivalent to the Bankruptcy Estate's interest in the Real Property, less costs and expenses of such sale as provided by 11 U.S.C. §363(j);

(d) Any proceeds that the Defendant shall receive shall be set off by the Trustee to first pay any unauthorized liens or other liens placed on the Real Property by the Defendant, if any;

(e) All court costs of this action and attorney fees of this action (as approved and allowed by the Bankruptcy Court) shall be deemed costs of the sale which must be deducted from the proceeds of the sale before any proceeds are then distributed to the Estate and the Defendant; and

(f) Granting any such further relief as the Court deems just and proper.

## **Reservation of Rights**

28.     The Trustee reserves her rights to amend this Complaint, upon completion of investigation and discovery, to assert such claims for relief against the Defendant and other responsible parties as may be warranted under the circumstances.

Dated:  June 20, 2024                                    By: /s/ Zachary Malnik, Esq.
                                                                       Zachary Malnik, Esq.
                                                                       FLBN 1010272

                                                                       The Salkin Law Firm
                                                                       PO Box 15580
                                                                       Plantation, FL 33318
                                                                       954-423-4469
                                                                       zach@msbankrupt.com

6

# Exhibit A

THIS INSTRUMENT PREPARED BY AND RETURN TO:
Kelly Bookstein
Title Guaranty of South Florida Inc.
3265 MERIDIAN PARKWAY, SUITE 100
WESTON, FL 33331
Property Appraisers Parcel Identification (Folio) Number: **484212110270**
The actual purchase price or other valuable consideration paid for the real property or interest conveyed by this instrument is $220,000.00 Florida Documentary Stamps in the amount of $1,540.00 have been paid hereon.

_____ Space above This Line for Recording Data _____

**THIS WARRANTY DEED,** made the 17th day of **August, 2023** by **ALL STAR PROPERTIES OF BROWARD INC AS TRUSTEE OF THE 5311 NE 10TH AVE LAND TRUST dated February 27, 2023,** whose post office address is **6146 HOGAN CREEK ROAD, MARGATE, FL 33063** herein called the grantors, to **PRO.SEO LLC, a Florida Limited Liability Company** whose post office address is **2727 NE 15 Street, Ft. Lauderdale, FL 33304, and POMPANO PROPERTY SOLUTIONS, LLC, a Florida Limited Liability Company** whose post office address is **3405 Robbins Road, Pompano Beach, FL 33062** hereinafter called the Grantee:

*(Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)*

**W I T N E S S E T H:** That the grantors, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee all that certain land situate in BROWARD County, State of Florida, viz.:

> Lot 11, Block 2, Park Manor, according to the plat thereof, recorded in Plat Book 52, Page 10, of the Public Records of Broward County, Florida.
>
> Property Address: 5311 Northeast 10 Avenue, Deerfield Beach, FL 33064
>
> Subject to easements, restrictions and reservations of record and taxes for the year 2023 and thereafter.

**TOGETHER,** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**TO HAVE AND TO HOLD,** the same in fee simple forever.

**AND,** the grantors hereby covenant with said grantee that the grantors are lawfully seized of said land in fee simple; that the grantors have good right and lawful authority to sell and convey said land, and hereby warrant the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2022.

**IN WITNESS WHEREOF,** the said grantors have signed and sealed these presents the day and year first above written.

File No: **237006A**

2nd page of Deed

Signed, sealed and delivered in the presence of:

_____
Witness

Yaimara Abella
Printed Witness Name

_____
Witness

Vita Restrepo
Printed Witness Name

_____
NICHOLAS FERRANTE, President of ALL STAR PROPERTIES OF BROWARD INC AS TRUSTEE OF THE 5311 NE 10TH AVE LAND TRUST  dated February 27, 2023

STATE OF FLORIDA
COUNTY OF BROWARD

**THE FOREGOING INSTRUMENT** was acknowledged before me by means of ☑ physical presence or ☐ online notarization this __17th__ day of **August**, 2023 by **NICHOLAS FERRANTE, President of ALL STAR PROPERTIES OF BROWARD INC AS TRUSTEE OF THE 5311 NE 10TH AVE LAND TRUST  dated February 27, 2023** who are personally known to me or have produced _____ as identification and who did not take an oath.

_____
(Signature of Notary Public)
Yaimara Abella
(Print, Type, or Stamp Commissioned Name of Notary Public)

**SEAL**

YAIMARA ABELLA
MY COMMISSION # HH 266689
EXPIRES: July 24, 2026

File No: **237006A**



# Exhibit B

| | |
|---|---|
| **Site Address** | 5311 NE 10 AVENUE, DEERFIELD BEACH FL 33064 |
| **Property Owner** | PRO SEO LLC<br>POMPANO PROPERTY SOLUTIONS LLC |
| **Mailing Address** | 2727 NE 15 ST FORT LAUDERDALE FL 33304 |
| **Abbr Legal Description** | PARK MANOR 52-10 B LOT 11 BLK 2 |

| | |
|---|---|
| **ID #** | 4842 12 11 0270 |
| **Millage** | 1112 |
| **Use** | 01-01 |

The just values displayed below were set in compliance with **Sec. 193.011**, Fla. Stat., and include a reduction for costs of sale and other adjustments required by **Sec. 193.011(8)**.

\* 2024 values are considered "working values" and are subject to change.

## Property Assessment Values

| Year | Land | Building / Improvement | Just / Market Value | Assessed / SOH Value | Tax |
|---|---|---|---|---|---|
| 2024* | $12,600 | $568,240 | $580,840 | $580,840 | |
| 2023 | $12,600 | $562,510 | $575,110 | $385,400 | $9,539.34 |
| 2022 | $12,600 | $382,670 | $395,270 | $350,370 | $7,719.85 |

### 2024* Exemptions and Taxable Values by Taxing Authority

| | County | School Board | Municipal | Independent |
|---|---|---|---|---|
| **Just Value** | $580,840 | $580,840 | $580,840 | $580,840 |
| **Portability** | 0 | 0 | 0 | 0 |
| **Assessed/SOH** | $580,840 | $580,840 | $580,840 | $580,840 |
| **Homestead** | 0 | 0 | 0 | 0 |
| **Add. Homestead** | 0 | 0 | 0 | 0 |
| **Wid/Vet/Dis** | 0 | 0 | 0 | 0 |
| **Senior** | 0 | 0 | 0 | 0 |
| **Exempt Type** | 0 | 0 | 0 | 0 |
| **Taxable** | $580,840 | $580,840 | $580,840 | $580,840 |

### Sales History

| Date | Type | Price | Book/Page or CIN |
|---|---|---|---|
| 8/17/2023 | WD-D | $220,000 | 119061795 |
| 8/9/2023 | WD-D | $54,000 | 119057717 |
| 10/28/2019 | VCT-T | | 116394124 |
| 7/17/2018 | CET-D | $101,200 | 115395863 |
| 9/1/1990 | WD | $69,000 | 17821 / 170 |

### Land Calculations

| Price | Factor | Type |
|---|---|---|
| $2.00 | 6,300 | SF |

**Adj. Bldg. S.F.** (Card, Sketch): 2357
**Units/Beds/Baths**: 1/7/3
**Eff./Act. Year Built: 1962/1961**

### Special Assessments

| Fire | Garb | Light | Drain | Impr | Safe | Storm | Clean | Misc |
|---|---|---|---|---|---|---|---|---|
| 11 | | | | | | DB | | |
| R | | | | | | | | |
| 1 | | | | | | 1 | | |